

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

July 8, 1966

Honorable J. W. Edgar           Opinion No. C-719
Commissioner of Education
Texas Education Agency          Re:  Whether the Vocational
Austin, Texas  78711                 Rehabilitation Division
                                     of the Texas Education
                                     Agency can pay tuition
                                     for handicapped indivi-
                                     duals to attend denomi-
                                     national schools as a
                                     vocational rehabilitation
                                     service, and a related
Dear Dr. Edgar:                      question.

          You have requested the opinion of this office re-
garding the subject question.  This request is occasioned
by the release of Attorney General's Opinion C-644 (1966).

          In Opinion C-644 this office dealt with the ques-
tion of whether the Governor's Committee on Aging could con-
stitutionally contract with religious institutions for the
performance of services necessary in carrying out the duties
and functions of the Committee.  In concluding that such
contracts did not constitute state aid to religious socie-
ties, it was necessary for this office to overrule Attorney
General's Opinion O-2412 (1940).

          Opinion O-2412 was written in response to the
identical question now before us.  Since O-2412 has been
overruled, we must examine the conclusions reached in Opin-
ion C-644 in order to determine whether the proposed school
attendance is proper.  The following statement is quoted
from C-644:

          "It is well settled that a private agency
     may be utilized as the pipe-line through which
     a public expenditure is made, the test being
     not who receives the money, but the character
     of the use for which it is expended."

          The Vocational Rehabilitation Division of the Texas
Education Agency is authorized by Article 2675-1, Vernon's
Civil Statutes, to cooperate with the Federal Government in
the rehabilitation of handicapped persons.  By the Vocational

-3466-

Rehabilitation Act, 29 U.S. Code 31, et. seq., the United States Department of Labor is authorized to make grants to individual states upon certain terms and conditions, and pursuant to a State Plan. The payment of college tuition for handicapped persons is an expenditure of public money for a valid public purpose under the aforesaid statutes.

Our question thus becomes one of whether there is a significant difference between the payment of tuition to a non-denominational college and to one connected with or operated by a religious society. It is the opinion of this office that Attorney General's Opinion C-644 completely controls this question. If a valid public purpose is being served, in this case the retraining of handicapped persons, and the State is expending money for services rendered, the character of the private agency rendering the public service does not control the validity of the expenditure.

Your second question is concerned with the manner of payment of tuition by the State to the various colleges concerned. In C-644, it was stated that payment to private agencies may be made pursuant to contract, only after the services have been rendered to the State. You ask whether it is possible to make the tuition payments at the time of registration, or whether such payments must be withheld until the end of a semester.

In sending persons to various schools and colleges under the Vocational Rehabilitation Division program, the State itself is not entering into a contract with the particular school as regards a particular student. Of course, a contract is created between the school and the student at the time of registration. Attorney General's Opinion O-2106 (1940), and authorities cited therein. In order to complete this contract, tuition must be paid on behalf of the student. Further, the payment of tuition at the end of the registration time contemplates certain services that have already been provided by the school, as well as those to be provided in the future. For the foregoing reasons, it is the opinion of this office that the payment of college tuition for handicapped persons should be made at the time of registration. It is our view that this conclusion is not in conflict with the opinion expressed in Attorney General's Opinion C-644, for the reason, among others, that college registration and tuition payment constitute a different character of expenditure from the ordinary and usual commercial purchase.

## SUMMARY

The Vocational Rehabilitation Division of the Texas Education Agency can pay tuition for handicapped individuals to attend denominational schools as a vocational rehabilitation service.

Tuition payments for such college attendance should be made at the time of registration for each semester.

Very truly yours,

WAGGONER CARR
Attorney General

By: Malcolm L. Quick

MLQ:mh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Banks
Pat Bailey
Milton Richardson
Phillip Crawford

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright